Greg **BRAZEAL**, Plaintiff-Respondent,

v.

Odis **CRAIG**, d/b/a Plaza Garage, Defendant-Appellant.

No. 13392.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 28, 1984.

Charles A. Moon, Springfield, for defendant-appellant.

Greg Brazeal, pro se.

HOGAN, Presiding Judge.

This case originated in small claims court and comes here on appeal after trial de novo in the Greene County Circuit Court. Plaintiff's theory, as nearly as we can make it out, was that the defendant sold him a "used" transmission, representing it to be a "rebuilt" transmission. Plaintiff, who is not a lawyer, has recovered the sum of $350 and the defendant now appeals. We review the case as provided by *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

In small claims court plaintiff's theory of the case was based (apparently) upon an implied warranty arising from trade usage; we are not advised precisely what the difference between a "used" and "rebuilt" transmission is, but plaintiff's claim was that the defendant sold and installed a secondhand transmission in his 1977 Buick "[which] never worked properly and was returned on two occasions. It went out completely on April 12, 1982." Plaintiff had evidence from a mechanic who eventually repaired his automobile as follows:

"Q. You didn't know how long [the transmission had] been in [plaintiff's vehicle]?

A. No, sir.

\* \* \* \* \* \*

Q. Did you—If you'd known that, would you have changed your opinion as to what you're testifying [to] today?

A. No, sir, because there ain't no way that water and rust can get in [a transmission] and be in there if there's oil in it.

Q. What if it had been there eight months?

A. Well, that wouldn't make no difference if [the transmission had been in the vehicle] 25 years.

\* \* \* \* \* \*

Q. How does water get in the transmission?

A. It was in there whenever they put it in. I said it was a used transmission. It's been setting in a salvage yard with the filter tube out and the water and stuff in it, and the pan wasn't taken off and cleaned, and it was in there when it was put in, and it stayed in there."

\* \* \* \* \* \*

There was a good deal of evidence to the contrary, but the trial court stated that it relied on the evidence we have recited. Contrary to defendant's position, this court has held that § 400.2–314, RSMo 1978, extends an implied warranty of merchantability to used or secondhand automobiles, *Worthey v. Specialty Foam Products, Inc.*, 591 S.W.2d 145 (Mo.App.1979), and we suppose that warranty extends to used or secondhand major mechanical components of an automobile. Plaintiff's proof was sufficient to show not only that the transmission had not been reconditioned, but was not merchantable. The judgment is affirmed pursuant to Rule 84.16(b).

PREWITT, C.J., and MAUS and CROW, JJ., concur.